## DE BON v. UNITED STATES.

No. 11841.

United States Court of Appeals
Ninth Circuit.

June 2, 1949.

For prior opinion see 174 F.2d 121.

Chauncey Tramutolo, of San Francisco, Cal. (Wayne M. Collins, of San Francisco, Cal., of counsel), for appellant.

Frank J. Hennessy, U. S. Atty., and Edgar R. Bonsall, Asst. U. S. Atty., of San Francisco, Cal., for appellee.

Before MATHEWS, HEALY, and POPE, Circuit Judges.

PER CURIAM.

Appellant has filed a petition for rehearing in which he asserts that the court's opinion overlooks: (1) the fact that the veterans' priority certificates used to acquire the trucks had been obtained by the two veterans before they ever met appellant, (2) appellant's contention that the veterans merely purchased the trucks for resale purposes, and (3) the alleged error of the court in not answering the jury's inquiry about sales by veteran dealers to non-veterans.

The substantive charge of which appellant was convicted was that the three defendants, on or about July 8, 1946, made false statements, and concealed material facts in that they caused to be executed a mail order request for purchase of surplus property purporting to be for Czaki, a veteran, when in truth it was defendants' intention to purchase for the use and benefit of the appellant.

The government's evidence was sufficient to show that prior to the making of the mail order request, appellant told Hildebrand, one of the other defendants, that appellant wanted to buy certain White trucks which were available to veterans only, and which appellant was ineligible to acquire. Appellant fully familiar with War Assets Administration sales, and with the necessity of veterans' priority certificates, was examining brochures or catalogs which disclosed the necessity of such priorities, when he asked Hildebrand to get him these trucks, offering to pay him $200 for each truck secured. Hildebrand told appellant that he was using veteran priorities of Czaki, another defendant, and executed the mail order request for the trucks, Exhibit 5, in order to carry out appellant's requests.

Thus, the fact that Hildebrand, with Czaki's approval and appellant's knowledge, was making use of a veteran's "pink slip", or certification for veteran's preference, issued some months before, does not alter the fact that neither Czaki nor Hildebrand had any real interest in the proposed purchases, that the trucks were being acquired for appellant, that this fact was fraudulently concealed, that the veterans never possessed or even saw the trucks, that appellant paid the government price for them, paying Hildebrand $400 for his part in the transaction, which was divided

with Czaki;—in short, that appellant succeeded in doing precisely what the law and the regulations prohibited.

 What we have said disposes of the claim that Hildebrand and Czaki were purchasing these trucks as veterans for resale. Appellant asserts that when he dealt with Hildebrand he thought the latter was a dealer, from whom the trucks were to be purchased. The government's evidence was sufficient, if believed by the jury, to disclose that De Bon was the real purchaser from the War Assets Administration, that in accomplishing that object he asked Hildebrand to file the mail order request mentioned in the indictment, and that when this was done, all of the defendants participated in the misrepresentation and concealment charged.

We find no evidence that Hildebrand was introduced to appellant as a veteran dealer, and we perceive no reason why the jury should have been instructed on such theory.

The petition for rehearing is denied.